# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THURMAN MEARIN , | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-597 |
| | ) | |
| v. | ) | Judge Ambrose  / |
| | ) | Magistrate Judge Bissoon |
| PETE VIDONISH, Unit Manager; | ) | |
| SUPERINTENDENT LOUIS FOLINO; | ) | |
| MARLENE M. STEWART, Coordinator, | ) | |
| P.R.C.; ROBERT McCOMBIE, Activities; | ) | |
| LAUREL HARRY, Unit Manager; CARLA | ) | |
| SWARTZ, Unit Manager; TIMOTHY I. | ) | |
| MARK, Deputy Chief Counsel for Hearing | ) | |
| & Appeals; BRIAN COLEMAN, Deputy; | ) | |
| MARK CAPOZZA, Major of the Guard; | ) | |
| DAVID SACKS, Employee; CINDY G. | ) | |
| WATSON, Chief Grievances Officer; and | ) | |
| DORENA VARNER, Chief Grievances | ) | |
| Officer, | ) | |
| Defendants. | ) | Re ECF  Nos. [64]; [71] & [74] |

## <u>MEMORANDUM ORDER</u>

The above-captioned *pro se* prisoner civil rights action was received by the Clerk of

Court on May 2, 2008, and was ultimately referred to Magistrate Judge Cathy Bissoon for

pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and

the Local Rules.

Magistrate Judge Bissoon's Report and Recommendation, ECF No. [71], filed on June 1,

2011, recommended that the Defendants' summary judgment motion be granted.  Service of the

Report was made on the Plaintiff at his address of record.  Plaintiff was informed that, in

accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local

rules, he had a specific period of time in which to file his objections. Plaintiff filed objections, ECF No. [74] and a corrected page 10 to those objections, ECF No. [72].

The objections do not merit rejection of the Report nor extended comment. Only one objection merits any comment.

Defendants raised the statute of limitations as a defense. In response, the only argument raised by Plaintiff was that the statute of limitations was equitably tolled while he was exhausting his administrative remedies. The Report found Plaintiff's claims of retaliation regarding his first placement into Administrative Custody to be time-barred and further found that Plaintiff failed to meet his burden to show entitlement to equitable tolling. In his objections, Plaintiff argues, for the first time, the discovery rule and claims that he did not discover the allegedly retaliatory actions until December 28, 2007. ECF No. [74] at 2, ¶ 1.A.

Where issues or arguments are raised for the first time in objections, they are waived. See, e.g., Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Jimenez v. Barnhart, 46 F.App'x 684, 684 (3d Cir. 2002) ("because Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived."); Heston v. Commissioner of Social Sec., 245 F.3d 528, 535 (6th Cir. 2001) ("parties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge."). Accordingly, because Plaintiff raised the discovery rule argument for the first time in his objections, Plaintiff has waived the argument.

Nevertheless, Plaintiff's allegation that he only discovered the alleged retaliatory wrongdoing in December 2007, fails on the merits. Plaintiff admits that on February 26, 2006,

while he was being taken to Administrative Custody ("AC"), an "officer made a comment to another officer saying, I was the lawsuit guy," indicating to Plaintiff that his first placement in the AC was retaliatory. ECF No. [16] at 2, ¶ 10. In fact, Plaintiff admits that "[o]n Jan[.] 15, 06 and Feb. 6, 06[,] I started requesting documents to prepare my lawsuit and this is when I realize[d] my records were being alter[ed]." See also id., at 2, ¶ 7 (indicating that as early as November 2006, Plaintiff was aware of alleged wrongdoing: "It became obvious to me that this [*i.e.*, Plaintiff's first placement in AC] was becoming very sinister, because I was held for 256 days. From Feb. 27 06 to Nov. 9, 06"); ECF [1-9] at 1 (in a PRC appeal, dated August 8, 2007, Plaintiff asserts that "I found out that someone on your staff intentionally falsified my records to keep me in the hole."). Contrary to his newly concocted argument in his objections, Plaintiff, by his own admissions, did not just discover the alleged wrongdoing in December 2007. Accordingly, this objection is overruled for this independent reason.

None of the other objections merit any comment as the Report is an adequate response.

After *de novo* review of the pleadings, objections and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 30th day of June, 2011,

IT IS HEREBY ORDERED that the Defendants' Summary Judgment Motion is GRANTED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. [71], filed on June 1, 2011, by Magistrate Judge Bissoon, is adopted as the opinion of the Court. The Clerk is to mark the case closed.

s/Donetta Ambrose
Donetta Ambrose
U.S. Senior District Judge

Dated:  June 30, 2011

cc:
       Thurman Mearin
       AM-8063
       SCI Greene
       175 Progress Drive
       Waynesburg, PA 15370

       All counsel of record via CM-ECF